IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

ANTOINE CLEMONS and
MICHAEL COOPER,

    Plaintiffs,

vs.

BRIAN WULLWEBER and
THE CITY OF DUBUQUE,

    Defendants.

No. C10-1032

RULING ON PARTIAL MOTION
TO DISMISS

## TABLE OF CONTENTS

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . 2

III.  RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.    *The Arrest of Antoine Clemons.* . . . . . . . . . . . . . . . . . . 2
    B.    *The Arrest of Michael Cooper.* . . . . . . . . . . . . . . . . . . 3
    C.    *The Plaintiffs' Claims.* . . . . . . . . . . . . . . . . . . . . . . . 3

IV.  DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.    ORDER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## I. INTRODUCTION

This matter comes before the Court on the Partial Motion to Dismiss (docket number 5) filed by the Defendants on February 11, 2011; the Resistance (docket number 6) filed by Plaintiff Antoine Clemons on February 15, 2011; the Reply (docket number 7) filed by the Defendants on February 15, 2011; and the Supplemental Brief (docket

number 8) filed by Clemons on April 11, 2011. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## II. PROCEDURAL HISTORY

On December 8, 2010, Plaintiffs Antoine Clemons and Michael Cooper filed a complaint against Defendants Brian Wullweber and The City of Dubuque. The complaint is in two counts and asserts "unreasonable seizure-excessive force" (Count I) and "race discrimination" (Count II). On February 11, 2011, Defendants filed the instant motion, asserting that the claim of Plaintiff Antoine Clemons is barred by the statute of limitations.

On May 10, 2011, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Also at that time, the case was referred to the undersigned magistrate judge for the conduct of all further proceedings, in accordance with 28 U.S.C. § 636(c) and the consent of the parties.

## III. RELEVANT FACTS

According to the complaint, the facts underlying this action are these:[1]

### A. The Arrest of Antoine Clemons

On March 7, 2008, Plaintiff Antoine Clemons was operating a motor vehicle within the city limits of Dubuque. Clemons was observed running a red light and initially failed to stop in response to the flashing lights and siren of an approaching police vehicle. After a period of time, Clemons stopped and left the vehicle he had been driving and continued to attempt to avoid arrest by running on foot. After running for a block or two, Clemons recognized the futility of continuing to attempt to avoid arrest, stopped, turned around, knelt on the ground, and placed his hands above his head.

At that time, Defendant Brian Wullweber, a police officer with the City of Dubuque, released a police dog and allowed it to attack Clemons. The police dog attacked Clemons, biting him repeatedly on the left arm and left hip. For a short period of time,

---

[1] When considering a motion to dismiss, the factual allegations in a complaint are assumed to be true. *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011).

2

Wullweber then restrained the police dog and ordered Clemons to lie flat on the ground. As Clemons was complying with the order to lie on the ground, Wullweber released the police dog to again attack Clemons, this time biting Clemons more than once on the top of his head.

### B. *The Arrest of Michael Cooper*

Approximately 17 months later, on or about October 10, 2009, Plaintiff Michael Cooper was at a home he had an ownership interest in, and which was occupied by his fiancé Marsha Saunders. Cooper was there at Saunders' request and with her permission, even though a no-contact order was in place. Officers of the Dubuque Police Department arrived at the home occupied by Saunders, after receiving a tip that Cooper was inside. The officers surrounded the home, leaving no avenue for escape.

Even though the house was surrounded and no canine was needed or called for, officers waited for Officer Wullweber to arrive with his dog. Upon arrival at the scene, Wullweber approached the back door of the residence with his dog and yelled for anyone in the house to come out. Cooper refused to leave the home. Wullweber then broke open the back door and released the dog into the home to attack Cooper. The dog viciously attacked Cooper, biting him on the right forearm multiple times with sufficient force to require hospital emergency room treatment. Prior to that time, Wullweber made a threat about Cooper, stating words to the effect that "I am tired of dealing with his big black ass and the next time I am going to use my dog."

### C. *The Plaintiffs' Claims*

Both Clemons and Cooper are African Americans. The Plaintiffs assert that Dubuque failed to properly train Officer Wullweber and/or the police dog, failed to ensure that they were acting in compliance with police department policy, and had knowledge that they "had a propensity to use excessive force in effectuating arrests, particularly of African American or other minority suspects." The complaint asserts that Defendants "have a

pattern or practice of using excessive force against African Americans or other minorities, and were motivated by Plaintiffs' race in effectuating their arrests using excessive force."

Plaintiff Antoine Clemons initially filed his action in the Iowa District Court for Dubuque County.[2] It is undisputed that Clemons' state court action was timely filed on March 1, 2010.[3] In his speaking brief, Clemons' attorney asserts that when he attempted to take a videotaped deposition of Officer Wullweber, Wullweber insisted on wearing his police uniform. Accordingly, Clemons sought a protective order. An Iowa district court judge denied Clemons' request for a protective order, concluding that the Defendants "were sued in the capacity as police officers and therefore should be permitted to wear the uniforms during the videotaped deposition."[4] Clemons asserts in his brief that the adverse ruling "plac[ed] his ability to have a trial in which the credibility of witnesses is decided upon the content of their testimony and not by what they are wearing, in serious peril. . . ."[5]

Clemons asserts that the adverse ruling on his request for a protective order, "coupled with the expanding factual basis for the case revealed by the widespread abuse of the Defendants' single K-9 unit," compelled him to dismiss the state court action and bring the lawsuit in this court.[6] The state court action was dismissed by Clemons without

---

[2] *See Antoine Clemons v. Brian Wullweber and The City of Dubuque*, No. LACV056487 (Iowa District Court for Dubuque County).

[3] *See* Complaint (docket number 2) at 2, ¶ 9.

[4] *See* Order (docket number 6-3). A Rule 12(b)(6) motion must be decided on the pleadings and without consideration of any extrinsic evidence. *Court v. Hall County*, 725 F.2d 1170, 1172 (8th Cir. 1984). Accordingly, in analyzing the legal issues, the Court has disregarded Clemons' Exhibit A (docket number 6-2) and Exhibit B (docket number 6-3), attached to his Resistance.

[5] *See* Clemons' Brief (docket number 6-1) at 3.

[6] *Id.*

prejudice on October 14, 2010. The dismissal specifically stated that the cause of action is "to be re-filed in Federal Court as allowed by I.C.A. 614.10."[7] The dismissal further describes why Clemons felt "compelled" to dismiss the action in state court.

> Plaintiff is compelled to file this voluntary dismissal as a conscious, reasoned and reasonable decision based upon the undersigned counsel's best legal judgment under the circumstances. Plaintiff believes that Defendant Wullweber will not be allowed to wear his police uniform during Court proceedings if this matter is pending in Federal Court, as was allowed by Order of the Iowa District Court dated August 20, 2010. Further, the undersigned counsel intends on re-filing this lawsuit including an additional Plaintiff that has been harmed as a result of the unlawful conduct of the Defendants. Finally, Plaintiff believes that justice will be more fairly obtained by a jury panel consisting of members not exclusively from Dubuque County.

*See* Dismissal Without Prejudice (docket number 2-1).

Plaintiffs filed the instant action on December 8, 2010, less than two months after the state court action was dismissed.

## IV. DISCUSSION

In their "partial" motion to dismiss, Defendants ask that the claims of Plaintiff Antoine Clemons be dismissed, asserting that they are barred by the applicable statute of limitations.[8] Clemons concedes that the two-year statute of limitations found in Iowa Code section 614.1(2) is applicable to his claims. The cause of action accrued when the incident occurred on March 7, 2008. Accordingly, any action filed after March 7, 2010 would generally be time-barred. This case was filed on December 8, 2010.

---

[7] *See* Dismissal Without Prejudice (docket number 2-1).

[8] The motion is a "partial" motion to dismiss because Defendants concede that the claims of Plaintiff Michael Cooper are not time-barred.

5

Clemons asserts, however, that his claims are not time-barred due to the application of Iowa Code section 614.10. That section provides that if an action "fails," then a new action brought within six months will be considered to be "a continuation of the first."[9] Clemons' state court action was timely filed. Clemons voluntarily dismissed the action without prejudice on October 14, 2010. Clemons filed the instant action less than two months later.

Before determining whether Clemons' claims are barred by the statute of limitations, or fall within the continuation provision of section 614.10, the Court must first address the question of whether this issue is properly raised in a motion to dismiss. Clemons asserts that because the statute of limitations is an affirmative defense which must be pleaded and proven, it cannot be raised in a Rule 12(b)(6) motion to dismiss. The Defendants respond that where it appears from a review of the complaint that the limitation period has run, then the action may be summarily dismissed for failure to state a claim upon which relief may be granted.

In general, the statute of limitations defense must be affirmatively pleaded. FED. R. CIV. P. 8(c)(1). *See also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008) ("The law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver."). The Eighth Circuit Court of Appeals has held repeatedly, however, that "when it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (quoting *Wycoff v.*

---

[9] Iowa Code section 614.10 states:
> If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first.

*Menke*, 773 F.2d 983, 984-985 (8th Cir. 1985)). *See also Guy v. Swift and Co.*, 612 F.2d 383, 385 (8th Cir. 1980) (same).

What is not clear, however, is whether a statute of limitations defense is properly raised in a motion to dismiss when the plaintiff claims an exception to the statute of limitations, such as equitable tolling or, as claimed here, a continuation action pursuant to section 614.10. This issue was recently raised – but avoided – by the Eighth Circuit Court of Appeals in *Jessie v. Potter*, 516 F.3d 709 (8th Cir. 2008). There, the plaintiff filed a complaint against her employer, the United States Postal Service, alleging discrimination in connection with its response to her work-related injuries. The district court dismissed the plaintiff's claim, finding that it was barred by her failure to contact an EEOC counselor within 45 days of the action of which she complained. The plaintiff claimed that the deadline was tolled because of her physical and mental condition, and that she was entitled to an evidentiary hearing prior to any dismissal.

In affirming the dismissal of the action, the appellate court noted that the Postal Service moved to dismiss the complaint under FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6), and moved for summary judgment. There was "some ambiguity as to whether the district court dismissed the case under Rule 12(b)(6) for failure to state a claim or entered a Rule 56 summary judgment against Jessie." *Id.* at 713. The Court noted that while a plaintiff may be entitled to an evidentiary hearing on a 12(b)(1) motion (challenging subject matter jurisdiction), "a dismissal for failure to state a claim [under 12(b)(6)] must be decided on the pleadings." *Id.* at 712. The Court decided to avoid the issue of whether the case was subject to dismissal pursuant to the motion to dismiss, deciding instead to affirm the district court's ruling on the motion for summary judgment.

> Because there are complexities lurking in the question of whether dismissal under Rule 12(b)(6) would be appropriate for a plaintiff's failure to plead tolling, and because the district court entered summary judgment for the Postal Service as well as the Rule 12(b)(6) dismissal, we will review this case as a summary judgment and leave to another day the question of

7

whether a Rule 12(b)(6) dismissal would also be proper when a plaintiff fails to plead a basis for tolling in the complaint.

*Id.* at 713. Accordingly, the Court did not address the issue of whether an exception to the general application of the statute of limitations must be pleaded by a plaintiff to avoid dismissal under Rule 12(b)(6).

Even *if* a complaint which is facially barred by the statute of limitations is subject to dismissal under Rule 12(b)(6) absent a pleaded exception, such a rule does not benefit Defendants here. That is, anticipating an argument that his claim may be barred by the statute of limitations, Clemons pleads that this is a continuation action pursuant to Iowa Code section 614.10.

> Clemons cause of action is not prohibited by the two year statute of limitations, otherwise applicable to such cases, because he initially and timely filed the cause of action in Iowa District Court for Dubuque County on March 1, 2010. That lawsuit was Dismissed Without Prejudice on October 14, 2010, a copy of the dismissal is attached as *Exhibit "A,"* and incorporated herein. The Iowa District Court lawsuit was not dismissed for any reason related to negligence in its prosecution. Pursuant to I.C.A. 614.10, and <u>Davis v. Liberty Mutual Insurance Company</u>, 55 F.3d 1365 (8th Cir. 1995), Clemons is allowed to re-file the cause of action within six months of dismissal.

*See* Complaint (docket number 2) at 2, ¶ 9.

Defendants argue that section 614.10 does not apply because "one who voluntarily dismisses a lawsuit must do so under some compulsion," citing *Furnald v. Hughes*, 795 N.W.2d 99 (Table), 2010 WL 5050586 (Iowa App.), and that Clemons is unable to establish such compulsion here.[10] The argument fails at this stage of the lawsuit, however, because its success requires a factual determination that Clemons was not compelled to dismiss his state court action. That is, even *if* the Court concluded that the

---

[10] *See* Partial Motion to Dismiss (docket number 5) at 2.

continuation provision of section 614.10 requires that a plaintiff be "compelled" to dismiss his earlier action, the Court must nonetheless assume for purposes of a motion to dismiss that Clemons acted under such compulsion.

In *Stephens v. Associated Dry Goods Corp.*, 805 F.2d 812 (8th Cir. 1986), the plaintiff brought an action alleging false imprisonment. The district court dismissed the complaint on the defendant's motion to dismiss, concluding that the claim for relief was time-barred. The plaintiff argued that the defendant was "estopped from asserting the statute of limitations as a result of its actions and threats." *Id.* at 813. In granting the motion to dismiss, the district court observed that the plaintiff "had failed to provide 'facts' that would indicate estoppel should apply," that the plaintiff had failed to convince the court that the defendant "in fact engaged in improper activities," and that the judge found "it difficult to believe" that the plaintiff was intimidated by the defendant's actions. *Id.* at 813-14. In reversing the order dismissing the action, the appellate court concluded that the district court was premature in making any such findings.

> A finding of "no improper activities" might be proper on a summary judgment motion where undisputed evidence is developed and a credibility determination might apply after a bench trial on the merits, but such findings are not appropriate on a motion to dismiss where the court is bound to accept as true, for purposes of the motion, the facts alleged by the plaintiff.

*Id.* at 814.

Similarly, the Court concludes that Defendants' statute of limitations challenge in the instant action is premature. *If* the continuation provision of section 614.10 requires a plaintiff to be compelled to dismiss the first action, then, at this stage of the proceeding, the Court must nonetheless assume the truth of Clemons' allegations that he acted under

9

such compulsion.[11] The Court expresses no opinion regarding how this issue may be resolved on a motion for summary judgment, after a full development of the facts.

### V. ORDER

IT IS THEREFORE ORDERED that the Partial Motion to Dismiss (docket number 5) filed by the Defendants on February 11, 2011 is **DENIED**.

DATED this 20th day of May, 2011.

*[signature]*

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[11] The Court notes parenthetically that Clemons argues that the continuation provision of section 614.10 applies regardless of whether he was "compelled" to dismiss his state lawsuit. The Court finds it unnecessary to resolve that issue yet.