IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL COOPER and PHILLIP ROBINSON, <br><br> Plaintiffs, <br><br> vs. <br><br> BRIAN WULLWEBER and THE CITY OF DUBUQUE, <br><br> Defendants. | No. C10-1032 <br><br> RULING ON MOTION TO CERTIFY QUESTION |

This matter comes before the Court on the Motion to Temporarily Set Aside Ruling on Motion for Partial Summary Judgment and Certify Question to the Iowa Supreme Court (docket number 29) filed by Antoine Clemons, formerly a plaintiff in this action, on January 12, 2012, and the Brief in Resistance (docket number 30) filed by the Defendants on January 23, 2012. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. RELEVANT FACTS AND PROCEEDINGS

The facts and proceedings underlying the instant motion are set forth in the Court's ruling on Defendants' earlier motion for partial summary judgment, and will not be repeated in detail. *See* docket number 28. In brief, the Court concluded that the claims of former plaintiff Antoine Clemons are time-barred and must be dismissed. The Court rejected Clemons' argument that his lawsuit is saved by the provisions of Iowa Code section 614.10. In his instant motion, Clemons asks that the Court "certify the issue present to the Iowa Supreme Court for final determination."

## *II. DISCUSSION*

Clemons asks that the "issue" be certified to the Iowa Supreme Court "for final determination." Neither his motion nor his supporting brief identify, however, the legal issue in dispute. Instead, Clemons merely argues that "the Iowa Supreme Court may interpret I.C.A. 614.10 differently than this court in applying the facts of this case."[1] Only "questions of law" as to which "there is no controlling precedent" may be certified to the Iowa Supreme Court for resolution.

> The supreme court may answer *questions of law* certified to it by . . . a United States district court . . . when requested by the certifying court, if there are involved in a proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court that *there is no controlling precedent* in the decisions of the appellate courts of this state.

Iowa Code § 684A.1 (2011). (emphasis added)

The fighting issue in this case is whether Clemons' claims are time-barred, or whether they are saved by the provisions of Iowa Code section 614.10. The Iowa Supreme Court recently addressed this savings statute in the context of a voluntary dismissal by a plaintiff. *See Furnald v. Hughes*, 804 N.W.2d 273 (Iowa 2011). After a lengthy review of precedent, the Iowa Supreme Court concluded that the plaintiff was "not entitled to avail himself of the Iowa savings statute." *Id.* at 284. A strategic choice to dismiss made by a plaintiff is "not the kind of compulsion which awakens our savings statute." *Id.* at 283. The Court provided clear guidance regarding the circumstances under which the savings statute would apply:

> The *Archer – Pardey – Ceprley* line of cases stands for the proposition for a voluntary dismissal to be within the scope of the term "fails" under the savings statute, there must be compulsion to the extent that a plaintiff's entire underlying

---

[1] *See* Clemons' Brief (docket number 29-1) at 4.

> claim has been, for all practical purposes, defeated. If the claim can still be pursued in the underlying action, it has not "failed" and it is "negligence" in the prosecution of the case not to press the matter to conclusion.

*Id.* at 282 (citations omitted). The Iowa Supreme Court concluded that:

> Under the established *Archer – Pardey – Ceprley* approach, the remedy offered by Iowa's savings statute is narrow and sharp, not broad and blunt. The notion that our savings statute is designed to protect plaintiffs only from getting ensnared in fatal technical procedural problems that cannot be avoided through due diligence in the underlying litigation is not illogical or otherwise odd.

*Id.* at 283-84.

Here, Clemons does not identify any "question of law" as to which there "is no controlling precedent" in Iowa. Rather, Clemons simply hopes that the Iowa Supreme Court would apply the facts to the established law set forth above, and reach a different conclusion. That is not an authorized use of Iowa Code section 684A.1. *Wright v. Brooke Group Ltd.*, 652 N.W.2d 159, 170 (Iowa 2002) ("We decline to answer these questions because they are questions of fact or require factual determinations that are not within the reach of chapter 684A."). *See also Bituminous Cas. Corp. v. Sand Livestock Sys., Inc.*, 728 N.W.2d 216, 222 (Iowa 2007).

Furthermore, even *if* certification of a law issue was authorized in this case, the Court notes that Clemons did not seek certification until after an adverse ruling had been entered against him in this Court. This practice is discouraged.

> The practice of requesting certification after an adverse judgment has been entered should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision. Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present. Only in limited circumstances should certification be granted after a case has been decided.

3

*Perkins v. Clark Equipment Co.*, 823 F.2d 207, 210 (8th Cir. 1987) (cited with approval in *Jung v. General Cas. Co. of Wisconsin*, 651 F.3d 796, 801 (8th Cir. 2011)).

For these reasons, the Court finds that the motion should be denied.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Certify Question (docket number 29) filed by former plaintiff Antoine Clemons is **DENIED**.

DATED this 26th day of January, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA